|   |   |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEIU HEALTHCARE 1199NW, | CASE NO. C17-6031 RBL |
| Plaintiff, | ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| PROVIDENCE HEALTH & SERVICES, d/b/a PROVIDENCE ST. PETER HOSPITAL | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff SEIU Healthcare 1199NW's Motion for Temporary Restraining Order [Dkt. #2]. On November 16, 2017, Defendant Providence St. Peter Hospital notified SEIU of its plan to restructure certain Health Unit Coordinator (HUC) employees' positions from 8-hour to 12-hour shifts. SEIU contends that Providence's reorganization plan violates the parties' collective bargaining agreement and seeks a temporary restraining order (TRO) to enjoin Providence from implementing the restructure pending a hearing on the motion for a preliminary injunction. Providence has been served with process but has not yet entered an appearance in this case. Dkt. 7.

# I. LEGAL STANDARD

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

# II. TEMPORARY RESTRAINING ORDER

**A. SEIU meets the requirements for a temporary restraining order.**

SEIU contends that it is likely to succeed on the merits because the proposed restructuring and resultant layoffs violate the plain language of the CBA. Although the Court does not yet have the benefit of Providence's response, the Court's review of SEIU's filings and the CBA suggest that Plaintiff's arguments regarding the likelihood of success on the merits are sufficiently sound.

Next, SEIU demonstrates that immediate and irreparable harm to HUC employees is likely in the absence of a TRO. SEIU has included declarations from three HUC employees who have low seniority and fear that they will lose their jobs and their health benefits if the restructure goes forward.

Third, the Court balances the equities of the potential delay in implementing Providence's restructuring plan against the potential harm to impacted HUC employees at St.

Peter Hospital. The Court concludes that the potential impact to the 80 HUCs tips in favor of maintaining the status quo.

Finally, Plaintiff has sufficiently demonstrated that a TRO maintaining the status quo pending a hearing on the preliminary injunction is in the public interest.

SEIU's affidavit of service indicates that Providence was served with a copy of the lawsuit and the application for TRO on December 12, 2017. Unsurprisingly, Providence has not yet had an opportunity to respond. Providence's memo to employees indicates that the restructuring will take effect on January 7, 2018.[1] SEIU contends that layoffs may begin as soon as December 16, 2017.[2] Given the short timeframe, the Court determines that the risk of irreparable harm to the impacted employees justifies granting the TRO even though the Court has not yet heard from Providence in opposition. Accordingly, SEIU's Motion for Temporary Restraining Order [Dkt. 2] is **GRANTED**.

Defendant Providence St. Peter Hospital, its officers, employees, agents, representatives, attorneys, and others acting in concert or participation with Defendant are **ENJOINED** from reorganizing, laying-off, or changing the working conditions of HUC employees at St. Peter Hospital (including as described in the November 16, 2017 memo from Wendy Gauksheim to Geoff Bate) pending a hearing on and resolution of the motion for preliminary injunction.

**B. Bond**

The Court may issue a TRO "only if the movant gives security in an amount that the court considers proper to the pay the costs and damages sustained by any party found to have

---

[1] The November 16, 2017 memo from Providence to HUC employees detailing the proposed reorganization states that the restructure will be effective on January 9, 2018. A timetable in that same memo lists January 7, 2018 as the effective date. *See* Dkt. 2-1 at 53.

[2] The CBA requires Providence to provide at least thirty days advance notice in writing to SEIU and its employees prior to a unit or department restructuring. Dkt. 2-1 at ¶ 6.3.1.

been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). SEIU avers that a bond of no more than one dollar is appropriate when considering that Plaintiffs are amenable to expedited arbitration under the CBA. Because the Court intends to resolve the issue of the preliminary injunction prior to effective date of the proposed restructure, the Court finds that a security in the amount of **one thousand dollars ($1,000)** is appropriate in this case.

### III. HEARING ON MOTION FOR PRELIMINARY INJUNCTION

The Court sets a hearing on the Motion for Preliminary Injunction for **Tuesday, December 26, 2017** at **9:30 AM** in Courtroom B. Providence shall file a response to the motion for preliminary injunction no later than December 19, 2017. SEIU may file a reply, if any, by December 22, 2017.

IT IS SO ORDERED.

Dated this 14th day of December, 2017, at 9:00 AM.

*/s/ Ronald B. Leighton*

Ronald B. Leighton
United States District Judge